[627 NYS2d 933]

In the Matter of JOSEPH F. SOVIERO, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 15, 1995

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Robert T. Guido* of counsel), for petitioner.

*Edwin J. Mulhern,* Carle Place, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by the Appellate Division, Second Judicial Department, on October 26, 1949.

In this proceeding, the respondent is charged with one allegation of professional misconduct. The Special Referee sustained the charge. The petitioner moves to confirm the report of the Special Referee. The respondent has indicated that he is in accord with the motion to confirm the report and will offer no objection to it.

Charge One is predicated upon the respondent's conviction of a serious crime. On or about April 12, 1990, a felony complaint was filed in Suffolk County charging the respondent with three counts of repeated failure to file personal State income tax returns, in violation of Tax Law § 1802 (a), a class E felony. The felony complaint alleged that the respondent failed to file a return for three consecutive tax years: 1984, 1985, and 1986, and had an unpaid tax liability in excess of $21,193. On April 4, 1991, the respondent waived his right to indictment by a Grand Jury and consented to be prosecuted by a superior court information charging him with repeated failure to file personal State income tax returns, in violation of Tax Law § 1802 (a), a class E felony.

On or about April 4, 1991, the respondent entered a plea of guilty to a reduced charge of violating Tax Law § 1801 (a), a misdemeanor, in full satisfaction of all charges, before the Honorable Peter Dounias, Acting County Court Judge, Suffolk County, with the consent of the District Attorney and the court.

On December 9, 1991, the respondent was sentenced to 30 days in jail, three years' probation, and restitution in the amount of $35,493.22, to be paid in full by June 1, 1992. On July 16, 1992, the sentence previously imposed was modified to the extent that the respondent was resentenced to 150 hours' community service in lieu of 30 days' incarceration.

Based upon the respondent's admission and the evidence adduced, we find that the Special Referee properly sustained the charge. The respondent is guilty of the professional misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, including his serious medical condition, which occasioned the long adjournment of sentence and the subsequent resentencing, his expressed remorse, his previously unblemished record, and the character evidence submitted on his behalf. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., SULLIVAN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Joseph F. Soviero, Jr., is censured for his professional misconduct.