[676 NYS2d 667]

In the Matter of JOSEPH F. SOVIERO, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 17, 1998

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Thomas F. Liotti,* Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition dated May 8, 1997, which contained 13 charges of professional misconduct. In his answer, the respondent did not deny the factual allegations contained in the petition. However, he denied that he was guilty of any professional misconduct, and he asserted several affirmative defenses. After a hearing, the Special Referee sustained all of the charges of professional misconduct against the respondent. The Grievance Committee now moves to confirm, and the respondent cross-moves to disaffirm, the Special Referee's report.

Charges One through Eight are based on the following factual allegations:

On or about June 25, 1993, the respondent represented Joyce Spinella (hereinafter the seller) in connection with the sale of real property located at 52 Miller Avenue, Port Jefferson Station, New York, to Carl DeMario, Debra Ann DeMario, and Rose Marie Carman (hereinafter the purchasers). On or about the same date, the respondent received the sum of $18,000 as a down payment, which he deposited into his escrow account on or about June 29, 1993. Paragraph 6 of the contract of sale provided, in pertinent part, that if the closing did not occur and if there were conflicting claims to the down payment, the respondent was to continue to hold the down payment in escrow until otherwise directed by "notice from the parties to this contract or a final, nonappealable judgment, order or decree of a court".

On or about August 27, 1993, a scheduled closing was attended by the seller, the purchasers, and their respective attorneys. A dispute ensued between the parties when the seller failed to produce required certificates of occupancy at the closing, and the closing was ultimately cancelled without the conveyance of title or the payment of consideration. On or about August 31, 1993, the respondent sent the following letter to the purchasers' attorney:

"Please be advised I am hereby making an offer to tender title to the above entitled premises at my office 38 Willis Avenue, Mineola, N. Y. at 2:00 P.M. on the 15th day of September 1993, or at the office of an attorney representing the lending institution on that day at that time. I am prepared to make

that offer to tender title on any day suitable from now until September 15, 1993.

"In the event of your failure to take title to the premises on or before September 15, 1993 I shall declare you in default of the terms and conditions of the contract of sale. I will, as consequence, release any and all funds held by me as escrow agent, to my clients and re-offer the premises for sale".

On or about September 3, 1993, the purchasers' new attorney sent the following letter to the respondent:

"I am in receipt of your correspondence dated August 31, 1993 * * * regarding the escrow funds held by you. Please be advised that demand is hereby made upon you for the release of the escrow funds to my * * * clients immediately upon receipt of this communication.

"Upon your failure to comply with the terms of this letter, I will institute appropriate legal proceedings to protect the interests of my clients".

The respondent received delivery of the aforesaid letter prior to September 15, 1993.

On or about September 20, 1993, the respondent released $13,000 from the down payment in his escrow account and paid it to his client, the seller. On or about September 24, 1993, the respondent released the remaining $5,000 from the down payment in his escrow account and paid it to himself.

Charge One alleges that, by releasing the down payment, the respondent failed to abide by the terms and conditions of the contract of sale, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Two alleges that, by releasing the down payment, the respondent violated his inherent duty under the law as an escrowee, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Three alleges that, by releasing the down payment, the respondent wrongfully converted the sum of $13,000 to the use and benefit of another, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Four alleges that, by releasing the down payment, the respondent wrongfully converted the sum of $5,000 to his own use and benefit, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Six alleges that, by converting any or all escrow funds, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Seven alleges that the respondent violated Code of Professional Responsibility DR 6-101 (A) (22 NYCRR 1200.30 [a]) by neglecting to fully disclose to his client (the seller) the possible legal consequences of the release of the down payment, including the possibility that a lis pendens might be filed by the purchasers, thereby encumbering the premises and hindering a resale.

Charge Eight alleges that the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) as follows:

In or about October 1993, the purchasers commenced an action in the Supreme Court, Suffolk County, against the seller and the respondent, *inter alia,* for recovery of the down payment. On or about June 29, 1994, the purchasers' motion for a default judgment was granted by the court. On or about August 9, 1994, the court signed a judgment ordering that the purchasers recover $20,523 from the respondent and the seller. On or about October 5, 1994, the judgment was entered and filed with the County Clerk. To date, the judgment remains in full force and effect, and the respondent has failed to satisfy it.

Charge Nine alleges that the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) as follows:

On or before November 7, 1994, the respondent received notice from the petitioner that a complaint had been filed against him by the purchasers. By letter dated November 7, 1994, the respondent answered the complaint. By letter dated January 20, 1995, the petitioner asked the respondent to submit additional information in writing by January 30, 1995. No response was received from the respondent.

By letter dated February 14, 1995, which was sent by certified mail, return receipt requested, the petitioner made a second request for the additional information. The postal receipt reflected delivery at the respondent's office on February 16, 1995. No response was received from the respondent.

By letter dated March 10, 1995, which was sent by certified mail, return receipt requested, the petitioner sought a response to the two previous letters and an explanation for the respondent's failure to answer them. The respondent was advised that, if his response was not submitted within five days, a motion for his suspension from the practice of law would follow. The postal receipt reflected delivery at the respondent's office on March 13, 1995. The respondent answered by letter dated March 16, 1995.

By letter dated April 23, 1996, which was sent by certified mail, return receipt requested, the petitioner asked the respondent to submit additional information within 10 days. The postal receipt reflected delivery at the respondent's office on April 25, 1996. No response was received.

On or about May 28, 1996, the respondent was served with two judicial subpoenas issued by the Appellate Division, Second Department, directing him to appear at the offices of the petitioner on June 12, 1996, to give testimony and to bring with him specific files, bank and bookkeeping records. At the respondent's request, his appearance was adjourned until July 18, 1996. On that day, the respondent appeared at the petitioner's offices and gave testimony. However, he failed to bring with him any of the subpoenaed files or bank and bookkeeping records. During the course of his testimony, the respondent admitted that he was unable to locate his bank and bookkeeping records and requested additional time to do so. The respondent stated that he would notify the petitioner within 20 days whether or not he located the records. No further communications have been received from the respondent since his testimony on July 18, 1996.

Charge Ten alleges that, by failing to produce the financial records in response to the judicial subpoena, the respondent violated Code of Professional Responsibility DR 9-102 (H) and (I) (22 NYCRR 1200.46 [h], [i]).

Charge Eleven alleges that the respondent failed to properly maintain and preserve the records of his escrow account, in violation of Code of Professional Responsibility DR 9-102 (D) and (I) (22 NYCRR 1200.46 [d], [i]).

Charge Twelve alleges that, by failing to properly register as an attorney with the Office of Court Administration as required by Judiciary Law § 468-a and 22 NYCRR 118.1, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Thirteen alleges that, by committing the aforesaid acts of professional misconduct, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced at the hearing and the respondent's admissions, the Special Referee properly sustained all of the charges of professional misconduct against the respondent except Charge Five, which should not have been sustained.

In determining the appropriate measure of discipline to impose, the Court has considered the seriousness of the charges against the respondent (which include conversion and breaches of his fiduciary obligations), his lack of remorse, and his failure to accept responsibility for his actions.

The respondent's prior disciplinary history consists of a public censure dated May 15, 1995 (*Matter of Soviero,* 211 AD2d 62) which was based on the respondent's misdemeanor conviction for violating Tax Law § 1801 (a) (failure to file a return or supply information).

Under the totality of the circumstances, the respondent is disbarred for his professional misconduct, and his name is stricken from the roll of attorneys and counselors-at-law.

ROSENBLATT, J. P., MILLER, O'BRIEN, RITTER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted insofar as Charges One through Four and Six through Thirteen are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is granted to the extent that Charge Five is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph F. Soviero, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph F. Soviero, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph F. Soviero, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.